UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN STRONG,

              Plaintiff,

       v.

HAMPTON DELLINGER,
United States Special Counsel, et al.,

          Defendant.

Civil Action No. 24-2766 (TJK)

**<u>DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT</u>**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ........................................................................................................... iii

Background ........................................................................................................................... 1

Legal Standards ................................................................................................................... 2

    **I.**      **Rule 12(b)(1)** ............................................................................................... 2

    **II.**      **Rule 12(b)(6)** ............................................................................................... 2

Argument .............................................................................................................................. 3

    I.     Counts Two, Three, Four, Six, Eight Should Be Dismissed for Lack of
Jurisdiction. ............................................................................................................. 3

         A.     Plaintiff Failed to Exhaust Administrative Remedies for Counts One, Two,
and Eight. ............................................................................................ 3

         B.     The United States Has Not Waived Sovereign Immunity for Monetary
Damages Underpinning Counts Two, Three, Four, and Six. ...................... 4

         C.     The Court Lacks Jurisdiction Over Plaintiff's Whistleblower Protection
Act Claim (Count Five). ....................................................................... 5

         D.     Plaintiff Lacks Standing to Sustain his Challenge to the Structure of the
Office (Count Seven). ........................................................................... 6

         E.     No Private Right of Action Exists Under 18 U.S.C. §§ 1001, 1002, and
1038 (Count Eight). .............................................................................. 8

    II.     Counts One, Three, Four, Six, Seven, and Defendant Merrick Garland, Should Be
Dismissed Pursuant to Rule 12(b)(6) for Failure to State a Claim. .......................... 8

         A.     Count One of the Complaint Fails to State a Claim Under the Privacy Act.
.......................................................................................................... 8

         B.     Plaintiff's Fourth Amendment Claim (Count Three) Fails as a Matter of
Law. ................................................................................................... 9

         C.     Plaintiff's Fifth Amendment Challenge (Count Three) Fails to State a
Plausible Claim for Relief. .................................................................... 10

         D.     Plaintiff's Eighth Amendment Claim (Count Four) Clearly Fails as He Is
Neither Confined nor Subject to Any Penalty. ........................................ 11

E.  Plaintiff's Constitutional Challenges to the Office of Special Counsel Reauthorization Act and the Whistleblower Protection Act (Counts Six and Seven) Are Meritless. .........................................................................12

F.  The Complaint States No Claims Against the Department of Justice. .......13

Conclusion ...............................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Abdelfattah v. Dep't of Homeland Sec.*, 787 F.3d 524 (D.C. Cir. 2015) ....................................10

*Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137 (D.C. Cir. 2011) ........................................................3

*Allen v. N.C. Dep't of Empl. Sec. Commission*, Civ. A. No. 23-2978, 2023 WL 8275888 (D.D.C. Nov. 30, 2023) ....................................................................................................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................3

*Azam v. D.C. Taxicab Comm'n*, 46 F. Supp. 3d 38 (D.D.C. 2014) .............................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................................................3

*Barnes v. District of Columbia*, Civ. A. No. 16-1027, 2023 WL 11835280 (D.D.C. Nov. 3, 2023) .........................................................................................................................................10

*Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257 (1989).............11

*Clark v. Libr. of Cong.*, 750 F.2d 89 (D.C. Cir. 1984)...................................................................5

*Crowder v. Bierman, Geesing & Ward LLC*, 713 F. Supp. 2d 6 (D.D.C. 2010).........................14

*deLeon v. Wilkie*, Civ. A. No. 19-1250, 2020 WL 210089 (D.D.C. Jan. 14, 2020) ......................4

*Elgin v. Dep't of Treasury*, 567 U.S. 1 (2012) ..............................................................................6

*FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367 (2024) ........................................................7

*FDIC v. Meyer*, 510 U.S. 471 (1994)..............................................................................................5

*Flores v. Channel 3000*, Civ. A. No. 23-3872, 2024 WL 1701636 (D.D.C. Apr. 8, 2024)...........8

*Harris v. Bodman*, 538 F. Supp. 2d 78 (D.D.C. 2008) ..................................................................6

*Hettinga v. United States*, 677 F.3d 471 (D.C. Cir. 2012) ..........................................................13

*Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192 (D.C. Cir. 1992) ....................................................3

*Jacksonville Urban League, Inc. v. Azar*, Civ. A. No. 18-2275, 2019 WL 3208686 (D.D.C. July 16, 2019)........................................................................................................................................5

*Kelley v. District of Columbia*, 839 F. Supp. 2d 115 (D.D.C. 2012) ..................................... 11, 12

*Kleiman v. Dep't of Energy*, 956 F.2d 335 (D.C. Cir. 1992) ........................................ 9

*Lillemoe v. Dep't of Agric.*, 344 F. Supp. 3d 215 (D.D.C.  2018) ................................ 12

*Lovelien v. United States*, 853 F. App'x 676 (D.C. Cir. 2021) ................................... 13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................................... 2

*Papasan v. Allain*, 478 U.S. 265 (1986) .................................................................... 3

*Paul v. District of Columbia*, 317 F. Supp. 2d 66 (D.D.C. 2018) ................................ 14

*Peavy v. Holder*, 657 F. Supp. 2d 180 (D.D.C. 2009) ................................................ 8

*Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197 (2020) ....................... 7

*Steadman v. Governor*, 918 F.2d 963 (D.C. Cir. 1990) ............................................... 4

*Stella v. Mineta*, 284 F.3d 135 (D.C. Cir. 2002) ....................................................... 6

*Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005) .................................................... 3

*United States v. Mitchell*, 463 U.S. 206 (1983) ........................................................ 5

*Weaver v. U.S. Info. Agency*, 87 F.3d 1429 (D.C. Cir. 1996) ........................................ 6

*Willner v. Thornburgh*, 928 F.2d 1185 (D.C. Cir. 1991) ............................................. 10

**Statutes**

18 U.S.C. §§ 1001, 1002, 1038 ................................................................................. 8

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................... passim

Fed. R. Civ. P. 12(b)(6) .................................................................................... passim

Defendants Hampton Dellinger, in his official capacity as United States Special Counsel, and Merrick Garland, in his official capacity as Attorney General, hereby move pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), to dismiss the Complaint filed by pro se Plaintiff Nathan Strong ("Compl."), ECF No. 1, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

## BACKGROUND

The Office of Special Counsel (the "Office") is "an independent federal investigative agency" whose "primary mission primary mission is to safeguard the merit system by protecting federal employees and applicants from prohibited personnel practices (PPPs), especially reprisal for whistleblowing." About OSC, Office of Special Counsel, https://osc.gov/Agency (last visited Dec. 12, 2024). Plaintiff, Nathan Strong,  a former IT Specialist at the Office, was employed with the agency from September 2021 until his resignation in November 2022. Compl. ¶ 1.  Plaintiff claims he was constructively discharged.  *Id.* ¶ 11.

Plaintiff alleges that certain of his 2022 personnel records—including performance evaluations—were falsified or contained "various false claims and/or incorrect information" and that the Office failed to maintain accurate records and improperly disclosed his performance evaluation. *See id.* ¶¶ 6–13. These alleged records violations, in Plaintiff's telling, resulted in his "unfair []termination" and "constructive discharge" from the Office. *Id.* ¶ 11. Plaintiff also alleges that his medical information was improperly disclosed after he sought a reasonable accommodation in September 2022.  *Id.* ¶ 15.  Plaintiff labels these claims as violations of the Privacy Act of 1974 and certain criminal statutes, and further alleges that the purportedly improper disclosure of his medical information amounts to a violation of his Fourth and Fifth Amendment rights. *Id.* ¶¶ 6, 15, 30.

The Office placed Plaintiff on non-duty status with pay on November 11, 2022, for "unauthorized access to OSC employee email or documents" and engaging in "non-consensual recordings of an OSC employee." *Id.* ¶ 14, Ex. H Plaintiff alleges that this employment action violated his First Amendment and Eighth Amendment protections. *Id.* ¶¶ 14, 16, Ex. H.

The Complaint is careful to emphasize that the employment actions he challenges allegedly are not "personnel actions" falling under "the purview of the Civil Service Reform Act of 1978." *Id.* ¶ 2. In addition to the employment actions challenged in the Complaint, Plaintiff also claims that that the Whistleblower Protection Act and the Office of Special Counsel Reauthorization Act of 2017 are unconstitutional. Compl. ¶¶ 17–29. Plaintiff seeks $155,000 in compensatory damages, $10,000 in punitive damages, and declaratory and injunctive relief. The Court should dismiss each of Plaintiff's claims.

## LEGAL STANDARDS

### I.    Rule 12(b)(1)

Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### II.    Rule 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a Complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept as true conclusory allegations or unwarranted factual deductions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether the complaint sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## ARGUMENT

I. **Counts Two, Three, Four, Six, Eight Should Be Dismissed for Lack of Jurisdiction.**

A. **Plaintiff Failed to Exhaust Administrative Remedies for Counts One, Two, and Eight.**

Despite Plaintiff's attempts to dress up his claims as constitutional claims, it is clear the crux of his allegations is based on personnel actions governed by the Civil Service Reform Act. In the context of federal employment cases, the D.C. Circuit has long recognized that "[w]hen [a plaintiff's] statutory and constitutional claims are 'premised on the same facts,' and the [Civil Service Reform Act] remedy 'would have been fully effective in remedying the constitutional violation,' exhaustion is mandated." *Steadman v. Governor*, 918 F.2d 963, 967 (D.C. Cir. 1990). "That is because the public interest in upholding the statutory scheme created by Congress for addressing personnel-related matters is so strong that federal employees 'may not circumvent that structure even if their claim is based . . . on the Constitution.'" *deLeon v. Wilkie*, Civ. A.

No. 19-1250 (JEB), 2020 WL 210089, at *4 (D.D.C. Jan. 14, 2020) (quoting *Steadman*, 918 F.2d at 967).

Here, in Count One, Plaintiff claims that Defendants failed to maintain accurate records and improperly shared his performance evaluation, and those actions resulted in an "unfair determination" and contributed to his "constructive discharge." Count Two alleges that the Office "initiated a notice of suspension" for disclosing the agency's alleged falsification of documents to the FBI, Inspector General, and Merit Systems Protection Board. Compl. ¶ 14. Similarly, in Count Eight, Plaintiff contends his timesheet was modified resulting in loss of pay and the Office "initiated a removal" as a result of his "harassment" accusation. Compl. ¶ 30. Even taken these facts as true for purposes of this Rule 12(b) motion, non-payment of wages and adverse changes in duties due to the alleged "reveal" of information are squarely within the realm of prohibited personnel actions under the Whistleblower Protection Act, *see* 5 U.S.C. § 2302(b)(8)-(9).

At base, the purported actions underpinning Plaintiff's claims for Counts One, Two, and Eight are personnel actions under the Civil Service Reform Act. As such, Plaintiff must follow the administrative exhaustion requirements set forth in that Act. *See deLeon*, 2020 WL 210089, at *4. As this Court has warned, federal employees may not "circumvent" this process under the guise of asserting constitutional claims. *Id.* Simply put, because the Complaint fails to allege any facts to show that Plaintiff has exhausted administrative remedies for his claims, the Court should dismiss Counts One, Two and Eight of the Complaint under Rule 12(b)(1).

## B.    The United States Has Not Waived Sovereign Immunity for Monetary Damages Underpinning Counts Two, Three, Four, and Six.

To the extent Plaintiff's constitutional claims seek money damages, they must also be dismissed under the principles of sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."

*United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Sovereign immunity . . . bar[s] suits for money damages against officials in their official capacity absent a specific waiver by the government." *Clark v. Libr. of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Because "[s]overeign immunity is jurisdictional in nature," before addressing the merits of Plaintiff's claims, the Court "must first decide whether [Defendant's] immunity has been waived." *McKoy v. Spencer*, 271 F. Supp. 3d 25, 31 (D.D.C. 2017).

Here, the Complaint seeks "$100,000 in compensatory damages to Plaintiff as a result of the [Office's alleged] . . . constitutional violations." Compl. ¶ 44; *see also id.* ¶¶ 14–16, 19 (setting forth Plaintiff's First, Fourth, Fifth, and Eighth Amendment allegations). The United States has not waived sovereign immunity with respect to such claims seeking money damages, and the Court therefore lacks jurisdiction to adjudicate these claims. *See McKoy*, 271 F. Supp. 3d at 33–34 (dismissing plaintiff's First and Fifth Amendment claims); *Jacksonville Urban League, Inc. v. Azar*, Civ. A. No. 18-2275, 2019 WL 3208686, at *3 (D.D.C. July 16, 2019) (dismissing plaintiff's Fourth Amendment claims); *Hazel v. Lappin*, 614 F. Supp. 2d 66, 69–70 (D.D.C. 2009) (dismissing prisoners' Eighth Amendment claims against Bureau of Prisons on sovereign immunity grounds).

Counts Two, Three, Four, and Six of the Complaint should therefore be dismissed pursuant to Rule 12(b)(1).

### C.     The Court Lacks Jurisdiction Over Plaintiff's Whistleblower Protection Act Claim (Count Five).

Plaintiff alleges the Office's "failure to provide an internal channel for the management of Prohibited Personnel Practices by its employees is in direct violation of the Whistleblower Protection Act[.]" Compl. ¶ 17. The Court lacks jurisdiction over this claim.

The Civil Service Reform Act "provides the exclusive set of remedies for claims brought pursuant to the [Whistleblower Protection Act]," *Harris v. Bodman*, 538 F. Supp. 2d 78, 82 (D.D.C. 2008), and "exhaustion of administrative remedies is a jurisdictional prerequisite to suit" under the statute. *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 11–12 (2012) ("Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court."). As the D.C. Circuit explained in *Stella v. Mineta*, 284 F.3d 135, 142-44 (D.C. Cir. 2002), Whistleblower Protection Act claims must proceed first to the Merit Systems Protection Board before any such claim can be brought in federal district court. "Under no circumstances does the [Whistleblower Protection Act] grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Id.* at 142. Here, Plaintiff does not allege that he has exhausted his administrative remedies with respect to his Whistleblower Protection Act claim (Count Five). Plaintiff's failure to meet the "jurisdictional prerequisite" of exhaustion dooms this claim for lack of jurisdiction.

### D.    Plaintiff Lacks Standing to Sustain his Challenge to the Structure of the Office (Count Seven).

Count Seven of the Complaint—which relies in part on *Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197 (2020)—should be dismissed for lack of standing. Whether a plaintiff has standing to sue under Article III of the United States Constitution is a threshold question that must be addressed to ensure that a federal court has jurisdiction over the claims presented in a case. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378–79 (2024). A federal court's jurisdiction is "confined . . . to 'Cases' and 'Controversies,'" and a plaintiff must therefore "possess a personal stake [to] ensure that courts decide litigants' legal rights in specific

cases.'" *Id.* at 379 (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State Inc.*, 454 U.S. 464, 487 (1982)). To establish standing, "a plaintiff must demonstrate: (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief. *Id.* at 380; *see also Defs. of Wildlife*, 504 U.S. at 560–61.

Plaintiff challenges the for-cause removal protections applicable to the United States Special Counsel. *See* Compl. ¶ 29. In a presidential removal power case, a plaintiff must establish that he has "sustain[ed] injury from an executive act that allegedly exceeds the official's authority." *Seila Law*, 501 U.S. at 211 (quoting *Bowsher v. Synar*, 478 U.S. 714, 721 (1986)). But Plaintiff does not allege he has suffered any particularized harm caused by the for-cause removal protections for the United States Special Counsel. The Complaint merely alleges—in an amorphous fashion and harkening back to the indictment of a prior Special Counsel—that the Special Counsel might "better protect[]" the Office's own employees from prohibited personnel practices "[h]ad the Special Counsel believed he could be removed without cause." Compl. ¶ 29. Plaintiff fails to identify a causal relationship between the Special Counsel's for-cause removal protections (or even the prior Special Counsel's "Scott Bloch's tenure") and Plaintiff's claimed injuries that undergird the alleged Privacy Act and constitutional challenges set forth in the Complaint.

Because Plaintiff does not allege how any of his claimed injuries are fairly traceable to the President's inability to remove the United States Special Counsel except for cause, the Court should dismiss this claim for lack of standing pursuant to Rule 12(b)(1).

### E.   No Private Right of Action Exists Under 18 U.S.C. §§ 1001, 1002, and 1038 (Count Eight).

Plaintiff's Count Eight alleges the Office's alleged effort to "falsify or fabricate" documents pertaining to Plaintiff's employment record violates 18 U.S.C. §§ 1001, 1002, and 1038. *See* Compl. ¶ 30. These claims fail at the doorstep, because even if true, the criminal statutes codified under Title 18 of the United States Code do not create a private right of action authorizing Plaintiff's suit. *See, e.g., Peavy v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009) (18 U.S.C. § 1001 does not create a private right of action); *Flores v. Channel 3000*, Civ. A. No. 23-3872 (UNA), 2024 WL 1701636, at *2 (D.D.C. Apr. 8, 2024) (collecting cases and dismissing complaint because criminal statutes relied on by plaintiff did not expressly authorize a private right of action).

Therefore, the Court should dismiss Count Eight of the Complaint for lack of subject matter jurisdiction.

## II.   Counts One, Three, Four, Six, Seven, and Defendant Merrick Garland, Should Be <u>Dismissed Pursuant to Rule 12(b)(6) for Failure to State a Claim.</u>

### A.   Count One of the Complaint Fails to State a Claim Under the Privacy Act.

As discussed above, the Court lacks jurisdiction over Plaintiff's claims set forth in Count One. Even if Plaintiff's Count One can somehow be construed as a Privacy Act claim, that claim fails as a matter because it is as an impermissible attempt to end-run around the Civil Service Reform Act's remedial scheme. Under established D.C. Circuit precedent, "'the exhaustive remedial scheme of the [Civil Service Reform Act]' shall not be 'impermissibly frustrated,' by granting litigants, under the aegis of the Privacy Act or otherwise, district court review of personnel decisions judicially unreviewable under the [Civil Service Reform Act]." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 338 (D.C. Cir. 1992) (quoting *Carducci v. Regan*, 714 F.2d 171, 174 (D.C. Cir. 1983)).

Plaintiff's Privacy Act claims purportedly involve the following employment records: two performance evaluations from 2022, one of which was later rescinded; performance standards for the GS-14 IT Specialist position he occupied; his June 3, 2022, timesheet, which identified him as absent without leave on that date; and the November 2022 notice of Plaintiff's suspension. Compl. ¶ 6.  Plaintiff claims each of these records was false or incorrect. *See id.* ¶¶ 6, 9–12. Thus, Plaintiff's Privacy Act challenge is nothing more than a collateral attack on the Office's judgments reflected in his personnel records. As the D.C. Circuit held, "[t]he Privacy Act allows for amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials or others as those judgments are reflected in records maintained by federal agencies." *Kleiman*, 956 F.2d at 337–38 (cleaned up). The Court should therefore dismiss Plaintiff's Privacy Act claim pursuant to Rule 12(b)(6). *See id.* at 339 (upholding dismissal of Privacy Act claim under Rule 12(b)(6).

**B.    Plaintiff's Fourth Amendment Claim (Count Three) Fails as a Matter of Law.**

Even if sovereign immunity does not bar the entirety of Plaintiff's Fourth Amendment claims, Count Three of the Complaint must be dismissed because the Complaint does not identify any unlawful search or seizure—a necessary predicate for such a claim to be cognizable. The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A search within the meaning of the Fourth Amendment occurs when the government trespasses on private property . . . or when it infringes on an individual's "reasonable expectation of privacy." *Azam v. D.C. Taxicab Comm'n*, 46 F. Supp. 3d 38, 50 (D.D.C. 2014) (citations omitted). "A 'seizure' occurs, with respect to property, 'when there is some meaningful interference with an individual's

possessory interests in that property.'" *Barnes v. District of Columbia*, Civ. A. No. 16-1027 (ACR/RMM), 2023 WL 11835280 (D.D.C. Nov. 3, 2023).

The Complaint is entirely devoid of any alleged Fourth Amendment "search" or "seizure." Plaintiff chiefly complains that the Office allegedly "misused" the "medical information" Plaintiff voluntarily provided as support for his request for a reasonable accommodation. Compl. ¶ 15. This allegation does not support an unlawful search or seizure under the Fourth Amendment. *See, e.g.*, *Willner v. Thornburgh*, 928 F.2d 1185, 1190 (D.C. Cir. 1991) ("[I]t is significant that the individual has a large measure of control over whether he or she will be subject to urine testing. No one is compelled to seek a job at [a federal agency].""). The Court should therefore dismiss Plaintiff's Fourth Amendment Claim pursuant to Rule 12(b)(6).

### C.      Plaintiff's Fifth Amendment Challenge (Count Three) Fails to State a Plausible Claim for Relief.

Plaintiff's Fifth Amendment claim, premised on the Office's alleged denial of his reasonable accommodation request and misuse of Plaintiff's medical information submitted in support thereof, also fails to state a claim upon which relief may be granted. Plaintiff appears to claim this procedural due process and equal protection rights under the Fifth Amendment were violated by the Office's handling of his reasonable accommodation request. Compl. ¶ 15. But Plaintiff's bare-bones statement is nothing more than a conclusory allegation insufficient to state a plausible claim for relief under *Twombly*. *See Abdelfattah v. Dep't of Homeland Sec.*, 787 F.3d 524, 538–39 (D.C. Cir. 2015) (plaintiff failed to plead sufficient facts to establish a violation of any liberty or property interest under the Fifth Amendment). The Complaint similarly fails to identify any facts that would support an equal protection violation, such as alleging that he is a member of a protected class or that he was treated differently from other similarly situated individuals. *See Kelley v. District of Columbia*, 839 F. Supp. 2d 115, 122 (D.D.C. 2012)

(dismissing plaintiffs equal protection claim due to failure to allege membership in a protected class, "such as one based on race, national origin, or gender" or that they were "arbitrarily and intentionally" targeted for disparate treatment).

The Court should therefore dismiss Plaintiff's Fifth Amendment claims as insufficiently pleaded pursuant to Rule 12(b)(6).

**D.     Plaintiff's Eighth Amendment Claim (Count Four) Clearly Fails as He Is Neither Confined nor Subject to Any Penalty.**

The Court should dispose of Plaintiff's Eighth Amendment claim under established law. The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VII; *see also Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 275 (1989) ("[T]he Eighth Amendment places limits on the steps a government may take against an individual, whether it be keeping him in prison, imposing excessive monetary sanctions, or using cruel and unusual punishments."). Because no such bail, fine, or punishment is alleged in the Complaint, the Court should dismiss Count Four of the Complaint.

Plaintiff claims that the Office "is violating the [E]ighth [A]mendment by utilizing its law enforcement authority as punishment for Plaintiff exercising his First Amendment rights" and "threaten[ing] his referral to the [Department of Justice." Compl. ¶ 16. But the Complaint shows that Plaintiff is not confined by the government, subject to a civil or criminal penalty, or subject to "cruel" or "unusual" punishment for purposes of the Eighth Amendment. *See generally, id.*; *see also Allen v. N.C. Dep't of Emp. Sec. Comm'n*, Civ. A. No. 23-2978 (UNA), 2023 WL 8275888, at *2 (D.D.C. Nov. 30, 2023) (although plaintiff "mention[ed] 'cruel and unusual punishment' in passing," complaint failed to "provide . . . context or details necessary to state a cognizable Eighth Amendment claim"). Plaintiff entirely fails to state a claim for relief under the Eighth Amendment.

- 11 -

**E.    Plaintiff's Constitutional Challenges to the Office of Special Counsel Reauthorization Act and the Whistleblower Protection Act (Counts Six and Seven) Are Meritless.**

In Count Six, Plaintiff alleges that the Whistleblower Protect Act and the Office of Special Counsel Reauthorization Act of 2017 (the "Reauthorization Act") treat Office employees differently from other federal employees, in violation of the Fifth Amendment. Compl. ¶ 19. This claim is fatally unsound. As stated above, a plaintiff seeking relief for an equal protection violation must allege sufficient facts to show that he is a member of a protected class (e.g., race, gender, national origin) or that he was arbitrarily singled out for treatment different from other similarly situated individuals. *See Kelley*, 839 F. Supp. 2d at 122; *Lillemoe v. Dep't of Agric.*, 344 F. Supp. 3d 215, 228 (D.D.C. 2018) (defining elements of "class of one" equal protection claims). Plaintiff here does not base his equal protection challenge on any protected class, leaving him only the "class of one" avenue, which provides no purchase.

"There are 'two essential elements' to a successful 'class of one' equal protection claim: (1) disparate treatment of similarly situated parties (2) on no rational basis." *Lillemoe*, 344 F. Supp. 3d at 228 (quoting *3883 Conn. LLC v. District of Columbia*, 336 F.3d 1068, 1075 (D.C. Cir. 2003)). "The second element—that no rational basis exists to support the disparate treatment—requires the plaintiff to overcome a 'strong presumption of validity.'" *Id.* (quoting *Tate v. District of Columbia*, 627 F.3d 904, 910 (D.C. Cir. 2010)). If the allegations of the complaint "suggest a rational basis for the government action," then the equal protection claim must be dismissed pursuant to Rule 12(b)(6). *Id.* at 229. Plaintiff's allegations fall woefully short establishing a "class of one" equal protection claim.

Here, Plaintiff entirely fails to allege how Defendant treated him differently from any similarly situated individuals. *See* Compl. ¶ 19. More importantly, rather than shoring up his equal protection challenge, the Complaint itself establishes the rational basis for the Whistleblower

Protection Act and Reauthorization Act's alleged differing treatment of employees of the Office. The Office is charged with, among other duties, investigating federal employees' whistleblower disclosures. *See* Compl. ¶ 1. It follows, then, Congress established a means to ensure that the Office is not placed in the untenable posture of having to "investigate itself," instead requiring the Office to engage an outside inspector general to review disclosures made by Office employees. *See* Compl. ¶¶ 17–20. Because "the rational basis inquiry is highly deferential to the government," *Hettinga v. United States*, 677 F.3d 471, 479 (D.C. Cir. 2012), Plaintiff's equal protection challenge to the Whistleblower Protection Act and Reauthorization Act must therefore be dismissed for failure to state a plausible claim upon which relief may be granted.

Even assuming Plaintiff had standing to raise the claims outlined in Count Seven, similar to Plaintiff's failed Count Six, Count Seven is legally deficient. While Count Seven appears to suggest, in an amorphous series of laments, that for-cause removal protections might have "better protected [Special Counsel] employees" from purported "management abuses," Compl. ¶ 29, these allegations are not sufficient to plead a plausible claim that any of the challenged personnel actions had anything to do with the Special Counsel or his position's protections. Count Seven comprises "precisely the type of unsupported allegation[s] the Supreme Court rejected in *Iqbal*," *Lovelien v. United States*, 853 F. App'x 676, 678 (D.C. Cir. 2021), and the Court should therefore dismiss this claim under Rule 12(b)(6).

**F.    The Complaint States No Claims Against the Department of Justice.**

Although the Complaint lists Attorney General Merrick Garland in the caption, it contains no allegations that Attorney General Garland, as the head of  the Department of Justice, or the agency itself has engaged in any wrongdoing. Although Plaintiff alleges that various employees of the Office engaged in a variety of purported violations of law, the Complaint mentions the Department of Justice only in passing, in connection with the Office's alleged "threat to refer

Plaintiff to the Justice Department for felony arrest." Compl. ¶ 34. The Complaint does not contain

a single allegation against Attorney General Garland, the Department of Justice, or any Department

of Justice employee. *See generally id.* Accordingly, the Attorney General should be dismissed

from this suit. *See, e.g.*, *Paul v. District of Columbia*, 317 F. Supp. 2d 66, 68 (D.D.C. 2018)

(dismissing Attorney General from suit because complaint made no allegations against this

defendant); *Crowder v. Bierman, Geesing & Ward LLC*, 713 F. Supp. 2d 6, 8 (D.D.C. 2010)

(same).

## CONCLUSION

For these reasons, the Court should dismiss the Complaint in its entirety pursuant to Rule

12(b)(1) and 12(b)(6).

Dated: December 20, 2024                    Respectfully submitted,

                                            MATTHEW M. GRAVES, D.C. Bar #481052
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Chief, Civil Division


                                            By:        */s/ Tabitha Bartholomew*
                                               TABITHA BARTHOLOMEW,
                                                 D.C. Bar # 1044448
                                               Assistant United States Attorney
                                               601 D Street, NW
                                               Washington, DC 20530
                                               (202) 252-2529
                                               Tabitha.Bartholomew@usdoj.gov

                                            *Attorneys for the United States of America*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 20, 2024, I caused a copy of the foregoing Motion, and all attachments, to be served on the *pro se* Plaintiff via email and first class mail, at the following address:

> Nathan Strong
> 240 S. Reynolds Street, Unit 102
> Alexandria, VA 22304
> nathanostrong@gmail.com

*/s/ Tabitha Bartholomew*

TABITHA BARTHOLOMEW
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN STRONG,

              Plaintiff,

     v.

HAMPTON DELLINGER,
United States Special Counsel, et al.,

            Defendant.

Civil Action No. 24-2766 (TJK)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that this action is DISMISSED.

SO ORDERED:

_____
Date

_____
TIMOTHY J. KELLY
United States District Judge