UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN STRONG,<br><br>         Plaintiff,<br><br>    v.<br><br>HAMPTON DELLINGER,<br>United States Special Counsel, et al.,<br><br>         Defendants. | Civil Action No. 24-2766 (TJK) |

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Argument ............................................................................................................................1

    I.      Dismissal Is Warranted Where Plaintiff Has Withdrawn His Claims or Conceded Defendants' Arguments. ...........................................................................................1

    II.     Plaintiff Has Failed to Exhaust His Claims Under the Privacy Act and Other Personnel Action Claims Disguised as First, Fourth, Fifth, and Eighth Amendments. ...........................................................................................................4

          A.      Plaintiff's Privacy Act Claim Must Be Dismissed Under *Kleiman*. ...........4

          B.      Plaintiff's Remaining Allegations, Dressed Up as Constitutional Claims, Must Also Be Dismissed. ..........................................................................5

    III.    The Court Should Not Tolerate Plaintiff's Attempt to Amend His Complaint Through His Opposition. .......................................................................................7

Conclusion ..........................................................................................................................8

Defendants respectfully submit the following reply in support of the Motion to Dismiss (ECF No. 9) ("Defs.' Mot.") the Complaint filed by pro se Plaintiff Nathan Strong (ECF No. 1) ("Compl."), for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

**ARGUMENT**

I. **Dismissal Is Warranted Where Plaintiff Has Withdrawn His Claims or Conceded Defendants' Arguments.**

The Court should dismiss the Attorney General (and by extension, the Department of Justice) from this suit, given Plaintiff's express withdrawal of his claims against this defendant. *See* Pl.'s Resp. ¶ 18.

In a similar vein, the Court should dismiss Plaintiff's claims based on the Fourth and Eighth Amendments (Counts Three and Four, respectively); the Whistleblower Protection Act (Count Five); the structure of the Office of the Special Counsel (Counts Six and Seven); and certain federal criminal statutes (Count Eight), because Plaintiff has failed to substantively respond to Defendants' arguments in favor of these claims dismissal. Where a plaintiff fails to address in substance a defendant's arguments in favor of dismissal, the Court may treat as conceded the arguments to which the plaintiff failed to respond. *See Brett v. Brennan*, 404 F. Supp. 3d 52, 59 (D.D.C. 2019) ("It is well-understood that 'if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.'"); *Kone v. District of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) (citing *Hoffman v. District of Columbia*, 681 F. Supp. 2d 86, 94 (D.D.C. 2010) (same); *Cummings ex rel J.C. v. Woodson Senior High Sch.*, 563 F. Supp. 2d 256, 259 (D.D.C. 2008) (same).

Here, Plaintiff has effectively conceded Defendants' arguments supporting dismissal of Plaintiff's non-monetary claims based on the Fourth Amendment to the United States Constitution

for failure to state a claim upon which relief may be granted (Count Three). *See* Def.'s Mot. at 9–10. Specifically, Plaintiff's Response fails to answer Defendants' argument that Count Three of the Complaint should be dismissed because Plaintiff does not identify any unlawful search or seizure as a predicate for a Fourth Amendment violation. Defs.' Mot. at 10. Aside from a puzzling reference to the "Equal Protection of the 4th Amendment" and an assertion that Defendant "seiz[ed] 12-15 hours of wages" in October 2022 (which claim was not stated in the Complaint), Pl.'s Resp. ¶¶ 24, 31, Plaintiff has entirely neglected to address Defendants' contention that his Fourth Amendment claim fails as a matter of law. The Court can and should deem Defendants' arguments conceded and dismiss Plaintiff's Fourth Amendment claim.

Defendants' Motion also argued that Plaintiff's Eighth Amendment claim (Count Four) should be dismissed for failure to state a claim because Plaintiff does not allege that he is subject to any bail, fine, or punishment. Def.'s Mot. at 10. Plaintiff's Response states, without support, that "a lifelong threat to charge a citizen for exercising one's first amendment rights based on falsified records is indeed a cruel and unusual punishment as described under the [E]ighth [A]mendment." Pl.'s Resp. ¶ 28; *see also* Compl. ¶ 16. Plaintiff provides no legal support for this assertion, and instead merely repeats the allegations of the Complaint. The Court should therefore deem Defendants' legal arguments conceded and dismiss Plaintiff's Eighth Amendment claim for the reasons stated in Defendants' opening brief.

Defendants' request for dismissal of Count Five should also be granted. In response to Defendant's argument that Plaintiff's challenge to the Whistleblower Protection Act must proceed first to the Merit System Protection Board, Plaintiff baldly asserts that "a challenge to the constitutionality of the Whistleblower Protection Act would not go through" the Merit System Protection Board. Pl.'s Resp. ¶ 16. Plaintiff cites no legal support for this proposition, which is not

surprising, because the Civil Service Reform Act "provides the exclusive set of remedies for claims brought pursuant to the [Whistleblower Protection Act]". *Harris v. Bodman*, 538 F. Supp. 2d 78, 82 (D.D.C. 2008). Plaintiff does not address Defendants' arguments regarding his failure to exhaust his administrative remedies, and the Court should therefore grant Defendants' motion to dismiss Count Five as conceded.

Counts Six and Seven of the Complaint suffer the same fate. Defendants argued lacked standing to challenge the constitutionality of the Office of the Special Counsel and that, in any event, Counts Six and Seven failed to state a claim upon which relief may be granted. *See* Defs.' Mot. at 6–7; 8-9. In response, Plaintiff reprises and recasts the allegations of the Complaint but offers no counter to Defendants' standing or merits arguments. Plaintiff offers only that he is merely asking "the court to assess the accuracy of his constitutional claims." Pl.'s Resp. ¶ 19. But the role of the federal courts is not to run thought experiments to assess the "accuracy" of claims; it is to assert jurisdiction over and decide actual cases and controversies. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State Inc.*, 454 U.S. 464, 487 (1982).

Although Plaintiff contends that he has a "personal stake" in the Office of the Special Counsel's structure based on a theory that the alleged misconduct resulted from the generalized delegation of authority from the Special Counsel to certain executive staff, neither this explanation nor the allegations in the Complaint allege any particularized harm necessary to confer standing upon Plaintiff. *See* Bowsher v. 478 U.S. 714, 721 (1986); Def.'s Mot. at 6–7. Accordingly, the Court should find that Plaintiff has failed to substantively respond to Defendants' standing and other challenges and dismiss Counts Five, Six and Seven for the reasons stated in Defendants' opening brief.

Plaintiff also fails to substantively address Defendants' motion to dismiss Plaintiff's claims based on certain federal criminal statutes (Count Eight) for lack of subject matter jurisdiction. *See* Def.'s Mot. at 8. In his Response, Plaintiff acknowledges that 18 U.S.C. §§ 1001, 1002, and 1038 do not provide him a private right of action against Defendants. Pl.'s Resp. ¶ 29. Yet he suggests, without a shred of support, that the Court should nevertheless "review the agency actions [Plaintiff] claims constitute violations" of these criminal statutes. *Id.* This unclad assertion should be rejected outright, along with Count Eight of the Complaint.

## II. Plaintiff Has Failed to Exhaust His Claims Under the Privacy Act and Other Personnel Action Claims Disguised as First, Fourth, Fifth, and Eighth Amendments.

### A. Plaintiff's Privacy Act Claim Must Be Dismissed Under *Kleiman*.

Plaintiff contends that his Privacy Act claim (Count One) is not subject to the Civil Service Reform Act's ("CSRA's") exhaustion requirements because his claims "are based on subsections [552a](g)(1)(C) and (g)(1)(D)" of the Privacy Act. Pl.'s Resp. ¶¶ 30–31. The non-controlling authority Plaintiff relies on to support this assertion, *Taylor v. Dep't of Treasury*, 127 F.3d 470 (5th Cir. 1997), is entirely inapposite to this case. *Taylor* involved a taxpayer's challenge to the Internal Revenue Service's refusal to provide certain tax records the requestor sought under Section 552a(d)(1) of the Privacy Act and applicable agency regulations. *See* 127 F.3d at 471–72. The Fifth Circuit concluded that Section 552a(g)(1) of the Privacy Act did not contain an express statutory exhaustion requirement with respect to requests for records under Section 551a(d)(1). *Id.* at 476. In marked contrast, Plaintiff's Privacy Act claim is based on his allegations that his employer maintained false or inaccurate records of his employment and took adverse personnel actions against him based on those records. *See* Compl. ¶ 6; Pl.'s Resp. ¶ 30. Plaintiff's claim, as stated, is therefore the type of employment-related claim the D.C. Circuit addressed in *Kleiman v. Dep't of Energy*, 956 F.2d 335, 338 (D.C. Cir. 1992), which clearly holds that

personnel decisions must pass through the "exhaustive remedial scheme of the CSRA," *id.* at 338. Plaintiff's arguments in opposition are meritless and should be rejected.

**B.    Plaintiff's Remaining Allegations, Dressed Up as Constitutional Claims, Must Also Be Dismissed.**

In his Response, Plaintiff claims he does not seek monetary damages for any of his constitutional claims, and for the reasons discussed above, these claims should be dismissed. Additionally, because the facts underpinning Plaintiff's purported constitutional claims are personnel disputes, the government argued he must first exhaust administrative remedies with respect to these claims under the Civil Service Reform Act ("CSRA"), as he is required to. *See* Defs.' Mot. at 4 (arguing that all of Plaintiff's claims asserting violations of the First, Fourth, Fifth, and Eighth Amendments must be dismissed for failure to exhaust administrative remedies). Plaintiff has failed to do so, and nothing in his Response indicates otherwise. Accordingly, Plaintiff's requests for non-monetary relief under the First, Fourth, Fifth, and Eighth Amendments should therefore be dismissed for lack of subject matter jurisdiction. *See, e.g., Martin v. EPA*, 271 F. Supp. 3d 38, 44–47 (D.D.C. 2002) (dismissing plaintiff's constitutional claim arising from challenged personnel action pursuant to Rule 12(b)(1)).

Moreover, the availability of Title VII of the Civil Rights Act ("Title VII") and the CSRA to redress employment disputes precludes review of Plaintiff's constitutional claims. In *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976), the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." In light of *Brown*, courts in this Circuit have repeatedly held that federal employees may not bring suit under the Constitution, common law torts, and other statutory authority for employment discrimination that is actionable under Title VII. *See, e.g., Soliman v. Kerry*, No. 16-5155, 2016 WL 6238578, at *1 (D.C. Cir. Sept. 22, 2016) ("Title VII preempts common law claims of

wrongful termination by government employees alleging employment discrimination"); *Howard v. Pritzker*, 775 F.3d 430, 439 (D.C. Cir. 2015) (holding Title VII governs all aspects of federal employment discrimination suits); *Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004) ("[T]he district court properly concluded that [the plaintiff's discrimination] claims were not reviewable under the Administrative Procedure Act."); *King v. Holder*, 941 F. Supp. 2d 83, 92 (D.D.C. 2013) (explaining that Title VII preempts "both [federal] constitutional claims and common law tort claims arising out of the same conduct that forms the basis for a plaintiff's Title VII claim"); *Rogler v. Biglow*, 610 F. Supp. 2d 103, 105 (D.D.C. 2009) (concluding that Title VII preempted Plaintiff's claims that coworkers violated her First, Fourth, and Fifth Amendment rights by "agreeing to testify as a witness in an administrative proceeding before the EEOC").

The Supreme Court has repeatedly held that the CSRA is the exclusive review scheme for federal employees' claims regarding personnel actions outside the discrimination context. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 11 (2012); *Sculimbrene v. Reno*, 158 F. Supp. 2d 1, 5 (D.D.C. 2001) ("The CSRA governs the relationship between the federal government and its employees, providing a comprehensive system for reviewing personnel action taken against federal employees. As a result, the CSRA generally precludes district courts from taking jurisdiction over CSRA-related claims.") (internal citations and quotation marks omitted). As the D.C. Circuit has held, "the CSRA is the exclusive remedy for aggrieved federal employees advancing non-constitutional claims," as well as constitutional ones. *Spagnola v. Mathis*, 809 F.2d 16, 30 (D.C. Cir. 1986), *on reh'g*, 859 F.2d 223 (D.C. Cir. 1988) (en banc). The CSRA covers a wide variety of personnel actions, including those that would not traditionally be considered adverse under Title VII. *See, e.g., Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir.

1990) (holding that a federally employed teacher's allegations that she was "harassed" by the principal and assistant principal "over minor incidents occurring in the classroom" were within the scope of the CSRA); *Dep't of Com. v. FLRA*, 976 F.2d 882, 890 (4th Cir. 1992) (explaining that a letter of proposed removal may be challenged under the CSRA); *Ghaly v. Dep't of Agric.*, 228 F. Supp. 2d 283, 291 (S.D.N.Y. 2005) (the "CSRA has a 'catch-all' prohibition on personnel practices that violate the CSRA's merit principles" and concluding that a claim challenging placement on paid administrative leave without adequate notice and an opportunity to be heard was covered by that provision even though paid administrative leave status itself is not an adverse action).

Plaintiff's effort to recast his challenges to personnel actions as violations of the First, Fourth, Fifth, and Eighth Amendment therefore is unavailing under principles of preemption. The Court should therefore dismiss these claims in their entirety.

### III. The Court Should Not Tolerate Plaintiff's Attempt to Amend His Complaint Through His Opposition.

Plaintiff appends a number of exhibits in his Response to his response which were not attached to his Complaint. Pl.'s Resp. Exs. A-D. Those documents, and any assertions based thereon, *see* Pl.'s Resp. ¶¶ 2, 13, 23, should be disregarded by the Court. While the Court may consider materials attached to a complaint in ruling on a motion to dismiss, *Brown v. Gov't of District of Columbia*, 390 F. Supp. 3d 114, 122 (D.D.C. 2019), the operative pleading nevertheless must provide adequate notice to a defendant of the plaintiff's claims for relief. Fed. R. Civ. P. 8(a); *Hankerson v. New York*, Civ. A. No. 24-978 (APM), 2024 U.S. Dist. LEXIS 82558, at *2 (D.D.C. May 6, 2024) ("The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies."). It is a bedrock principle that a complaint cannot be

amended by the briefs submitted in opposition to a motion to dismiss. *See Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 74 n.25 (D.D.C. 2007). Plaintiff's attempt to do so here should not be countenanced.

\* \* \*

## CONCLUSION

For these reasons, and those stated in Defendants' opening brief, the Court should dismiss the Complaint in its entirety pursuant to Rule 12(b)(1) and 12(b)(6).

Dated: February 24, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  _____/s/ Tabitha Bartholomew_____
TABITHA BARTHOLOMEW,
  D.C. Bar # 1044448
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2529
Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 24, 2025, I caused a copy of the foregoing document to be served on the *pro se* Plaintiff via email and first class mail, at the following address:

Nathan Strong
240 S. Reynolds Street, Unit 102
Alexandria, VA 22304
nathanostrong@gmail.com

                                                */s/ Tabitha Bartholomew*
                                                TABITHA BARTHOLOMEW