UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN STRONG,

              Plaintiff,

      v.

JAMIESON GREER,
Acting United States Special Counsel,

              Defendant.

Civil Action No. 24-2766 (TJK)

**DEFENDANT'S MOTION TO DISMISS**
**SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

## TABLE OF CONTENTS

Table of Contents ................................................................................................... i

Table of Authorities ............................................................................................. iii

Background ............................................................................................................ 1

Legal Standards ..................................................................................................... 3

    I.     Rule 12(b)(1) ................................................................................... 3

    II.    Rule 12(b)(6) ................................................................................... 4

Argument ............................................................................................................... 4

    I.     The Complaint Should Be Dismissed for Lack of Jurisdiction. ............................. 4

        A.    Plaintiff's Claims Under First, Fourth, and Fourth Amendments, the APA, and the FTCA are Based on Personnel Actions and Thus Are Preempted by Title VII and the CSRA. ................................................... 4

        B.    Plaintiff Has Failed to Exhaust Administrative Remedies under the Civil Service Reform Act .................................................................. 7

        C.    The United States Has Not Waived Sovereign Immunity for Monetary Damages Underpinning Plaintiff's First and Fifth Amendment Claims (Counts 4, 20, 30). ...................................................... 8

        D.    The Court Lacks Jurisdiction Over Plaintiff's Challenge to the Office of Special Counsel Reauthorization Act (Counts 11, 15, 17, 18, 23, 32). ...... 9

    II.    Each of Plaintiff's Claims Must Also Be Dismissed Pursuant to Rule 12(b)(6). .. 10

        A.    Plaintiff Fails to State a Claim Under the Privacy Act (Counts 1, 14, 28). ................................................................................. 10

        B.    Plaintiff's FTCA Claims Must Be Dismissed As Time-Barred and for Failure to Exhaust Administrative Remedies (Counts 2, 3, 14). .............. 12

        C.    Plaintiff's First, Fourth, and Fifth Amendment Claims Are Meritless (Counts 4, 13, 20, 30). ....................................................... 13

        D.    Plaintiff's Federal Records Act Claims Fail (Count 16 and 27). .............. 17

        E.    Plaintiff's Challenges to the Office of Special Counsel Reauthorization Act (Counts 11, 15, 17, 18, 23, 32) Should be Dismissed. ....................... 18

Conclusion ........................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137 (D.C. Cir. 2011) ......................................................... 3

*Armstrong v. Bush*, 924 F.2d 282 (D.C. Cir. 1991) ..................................................................... 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 3, 4

*Azam v. D.C. Taxicab Comm'n*, 46 F. Supp. 3d 38 (D.D.C. 2014) ............................................. 14

*Barnes v. District of Columbia*, Civ. A. No. 16-1027, 2023 WL 11835280 (D.D.C. Nov. 3, 2023)

.................................................................................................................................................. 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 3

*Brown v. FAA*, Civ. A. No. 23-2251, 2025 WL 958321 (D.D.C. Mar. 31, 2025) ...................... 12

*Brown v. General Servs. Admin.*, 425 U.S. 820 (1976) .............................................................. 4

*Clark v. Libr. of Cong.*, 750 F.2d 89 (D.C. Cir. 1984) ............................................................... 8

*Coulibaly v. Kerry*, 213 F. Supp. 3d 93 (D.D.C. 2016) ............................................................. 5

*deLeon v. Wilkie*, Civ. A. No. 19-1250, 2020 WL 210089 (D.D.C. Jan. 14, 2020) ...................... 7

*Dep't of Com. v. FLRA*, 976 F.2d 882 (4th Cir. 1992) ............................................................... 6

*Doe v. Dep't of Just.*, 660 F. Supp. 2d 31 (D.D.C. 2009) ........................................................ 11

*Elgin v. Dep't of Treasury*, 567 U.S. 1 (2012) ...................................................................... 5, 10

*FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367 (2024) ..................................................... 9

*FDIC v. Meyer*, 510 U.S. 471 (1994) ......................................................................................... 8

*Ghaly v. Dep't of Agric.*, 228 F. Supp. 2d 283 (S.D.N.Y. 2005) ................................................ 6

*Goode v. District of Columbia*, 531 F. Supp. 3d 366 (D.D.C. 2021) ........................................ 13

*Hanna v. Herman*, 121 F. Supp. 2d 113 (D.D.C. 2000) ........................................................... 11

*Harris v. Bodman*, 538 F. Supp. 2d 78 (D.D.C. 2008) ............................................................. 9

*Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192 (D.C. Cir. 1992) ................................................. 3

*Hettinga v. United States*, 677 F.3d 471 (D.C. Cir. 2012) ............................................................ 18

*Howard v. Pritzker*, 775 F.3d 430 (D.C. Cir. 2015) ...................................................................... 5

*Jacksonville Urban League, Inc. v. Azar*, Civ. A. No. 18-2275, 2019 WL 3208686 (D.D.C. July
    16, 2019) ...................................................................................................................................... 8

*Jud. Watch, Inc. v. Kerry*, 844 F.3d 952 (D.C. Cir. 2016) ........................................................... 17

*Kelley v. District of Columbia*, 839 F. Supp. 2d 115 (D.D.C. 2012) .......................................... 16

*King v. Holder*, 941 F.Supp.2d 83 (D.D.C. 2013) ......................................................................... 5

*Kleiman v. Dep't of Energy*, 956 F.2d 335 (D.C. Cir. 1992) ...................................................... 11

*Lamb v. Holder*, 82 F. Supp. 3d 416 (D.D.C. 2015) ................................................................... 15

*Lillemoe v. Dep't of Agric.*, 344 F. Supp. 3d 215 (D.D.C.  2018) ............................................. 16

*Lu v. District of Columbia*, Civ. A. No. 20-0461 (APM), 2022 WL 4446395 (D.D.C. Sept. 23,
    2022) .......................................................................................................................................... 13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................................... 3

*McNeil v. United States*, 508 U.S. 106 (1993) ............................................................................ 12

*Papasan v. Allain*, 478 U.S. 265 (1986) ....................................................................................... 4

*Petrini v. Howard*, 918 F.2d 1482 (10th Cir. 1990) ..................................................................... 6

*Rogler v. Biglow*, 610 F. Supp. 2d 103 (D.D.C. 2009) ................................................................. 5

*Sanchez v. Off. of State Superintendent of Educ.*, 513 F. Supp. 3d 101 (D.D.C. 2021) .............. 18

*Sculimbrene v. Reno*, 158 F. Supp. 2d 1 (D.D.C. 2001) ............................................................... 5

*Soliman v. Kerry*, No. 16-5155, 2016 WL 6238578 (D.C. Cir. Sept. 22, 2016) ........................... 4

*Spagnola v. Mathis*, 809 F.2d 16 (D.C. Cir. 1986) ...................................................................... 6

*Steadman v. Governor*, 918 F.2d 963 (D.C. Cir. 1990) ................................................................ 6

*Stella v. Mineta*, 284 F.3d 135 (D.C. Cir. 2002) ........................................................................ 10

*Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005) ........................................................ 3

*United States v. Mitchell*, 463 U.S. 206 (1983) ............................................................ 8

*United States v. Wong*, 575 U.S. 402 (2015) .............................................................. 12

*Weaver v. U.S. Info. Agency*, 87 F.3d 1429 (D.C. Cir. 1996) ....................................... 10

*Wilbur v. CIA*, 355 F.3d 675 (D.C. Cir. 2004) .............................................................. 12

*Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961 (D.C. Cir. July 21, 2004) ...................... 5

**Statutes**

28 U.S.C. § 2401(b) ................................................................................................ 12

5 U.S.C. § 1212(i) ............................................................................................ 3, 9, 18

5 U.S.C. § 552a ...................................................................................................... 11

5 U.S.C. § 2302 ....................................................................................................... 7

Defendant Jamieson Greer, in his official capacity as Acting Special Counsel, respectfully moves to dismiss Plaintiff's Second Amended Complaint, ECF No. 33 ("Am. Compl.") in its entirety. The Second Amended Complaint, like Plaintiff's original and first amended complaints, suffer from the same legal flaws in by asserting claims that are outside of this Court's jurisdiction or failing to state a plausible claim for relief. Despite its sheer length, the Second Amended Complaint, does not overcome these persistent flaws. As discussed further below, the Court should dismiss the Second Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), or for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6).[1]

## BACKGROUND

According to the Second Amended Complaint, Plaintiff was employed at the Office of Special Counsel (the "Office")[2] as an information technology specialist between September 2021 and November 2022. Am. Compl. at 14–15. Plaintiff resigned from his position in November 2022, after he was placed on paid investigative leave following his unauthorized access to other employees' email communications. *See id.* at 15.

Plaintiff alleges that between September 2021 and November 2022, his supervisors and other Office employees "falsified" or "fabricated" his attendance and performance records, *see id.*

---

[1]    The Second Amended Complaint is an expanded version of the same employment actions Plaintiff is pursuing at the U.S. Court of Federal Claims, in his Merit Systems Protection Board appeal, and a pending EEOC matter, in which he alleges that he was falsely charged with absence without leave, his manager falsely placed him on probation status, and the agency improperly disclosed his medical information.

[2]    The Office is "an independent federal investigative agency" whose "primary mission is to safeguard the merit system by protecting federal employees and applicants from prohibited personnel practices (PPPs), especially reprisal for whistleblowing." About, Office of Special Counsel, https://osc.gov/Agency (last visited Sept. 5, 2025).

at 15–19, 23–25; failed to permit Plaintiff to timely review or sign his 2022 performance plan, *id.* at 18, 24; placed Plaintiff in an "unofficial probation" status based on these allegedly falsified records (including allegedly requiring Plaintiff, and none of his other colleagues in the IT department, to report to in-office work four days per week), *id.* at 20; "secretly" scrutinized and improperly denied or revised Plaintiff's leave requests, *id.* at 17–22; improperly assigned duties to Plaintiff outside of his training or subject-matter expertise, *id.* at 22–23, improperly "disseminated" Plaintiff's requests for reasonable accommodation to individuals other than Plaintiff's direct supervisor, *id.* at 25; and improperly placed Plaintiff on investigative leave after Plaintiff complained about this alleged misconduct to the Merit Systems Protection Board, the U.S. Department of Agriculture Office of Inspector General, and the Federal Bureau of Investigation, *id.* at 27–28, 31. Plaintiff resigned from the Office in November 2022. *Id.* at 15.

The Second Amended Complaint further alleges that Office employees have "continued to advance" purportedly false allegations regarding Plaintiff's unauthorized access of Office information systems in the ongoing, parallel litigation that Plaintiff initiated before the Merit Systems Protection Board. *Id.* at 28–32. In addition, Plaintiff claims that the Office has engaged in purported "retaliation" against Plaintiff after his resignation based on contentions the Office has presented in the parallel litigation and by disclosing Plaintiff's employment records to the United States Attorney's Office, the Department of Justice, the Equal Employment Opportunity Commission, and the Merit Systems Protection Board. *Id.* ¶ 38. Plaintiff further complains that in connection with a suitability investigation in July 2025, Plaintiff was "compelled" to disclose his legal actions against the Office and the circumstances underlying those proceedings. *Id.*

Based on these allegations, which arise entirely from Plaintiff's employment with the Office, the Second Amended Complaint purports to state claims under the Privacy Act (Count 1,

14, 28), the Federal Tort Claims Act ("FTCA") (Counts 2, 3, and 14); the First, Fourth, and Fifth

Amendments to the United States Constitution (Counts 4, 6–9, 11, 13, 20, 22, 24–26, and 30–31);

the Administrative Procedure Act ("APA") (Counts 5, 10, and 14); and the Federal Records Act

(Count 16 and 27). The Second Amended Complaint also raises several challenges to the Office

of Special Counsel Reauthorization Act, 5 U.S.C. § 1212(i). *See* Counts 11, 15, 17, 18, 23, and

32.[3]

      Each of Plaintiff's claims must be dismissed.

## LEGAL STANDARDS

### I.   <u>Rule 12(b)(1)</u>

      Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a

preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). A court

considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in

the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences

that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139

(D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may

examine materials outside the pleadings as it deems appropriate to resolve the question of its

jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

---

[3]    Plaintiff states that Count 12 "supports the claims already asserted" and does not set forth a separate cause of action. Am. Compl. at 129. Count 19 purports to allege facts supporting "equitable tolling" and the "continuing violation doctrine" as to "all claims" raised in the Second Amended Complaint and thus does not appear to set forth a separate cause of action. *Id.* at 141. Count 21 purports to allege a "pattern or practice" claim but does not itself identify a specific cause of action undergirding this claim. *Id.* at 142–43. Count 29 purports to allege a "breach of ethical and financial oversight obligations" but also does not identify any statutory or constitutional basis for the claim. *Id.* at 147–49. Therefore, Counts 21 and 29 do not meet Rule 8's notice pleading standard under Rule 8(a) and should be dismissed.

## II.    Rule 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a Complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept as true conclusory allegations or unwarranted factual deductions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether the complaint sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## ARGUMENT

## I.    The Complaint Should Be Dismissed for Lack of Jurisdiction.

### A.    Plaintiff's Claims Under First, Fourth, and Fourth Amendments, the APA, and the FTCA are Based on Personnel Actions and Thus Are Preempted by Title VII and the CSRA.

The Court should dismiss Plaintiff's claims labeled as claims under the First, Fourth, and Fifth Amendments, the APA, and the FTCA—which claims all arise from personnel actions the Office allegedly took while Plaintiff was employed with the agency—because Title VII and the Civil Service Reform Act ("CSRA") preclude review of these claims. In *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976), the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." In

light of *Brown*, courts in this Circuit have repeatedly held that federal employees may not bring suit under the Constitution, common law torts, and other statutory authority for employment discrimination claims that are actionable under Title VII. *See, e.g.*, *Soliman v. Kerry*, No. 16-5155, 2016 WL 6238578, at *1 (D.C. Cir. Sept. 22, 2016) ("Title VII preempts common law claims of wrongful termination by government employees alleging employment discrimination"); *Howard v. Pritzker*, 775 F.3d 430, 439 (D.C. Cir. 2015) (holding Title VII governs all aspects of federal employment discrimination suits); *Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004) ("[T]he district court properly concluded that [the plaintiff's discrimination] claims were not reviewable under the Administrative Procedure Act."); *King v. Holder*, 941 F.Supp.2d 83, 92 (D.D.C. 2013) (explaining that Title VII preempts "both [federal] constitutional claims and common law tort claims arising out of the same conduct that forms the basis for a plaintiff's Title VII claim"); *Rogler v. Biglow*, 610 F. Supp. 2d 103, 105 (D.D.C. 2009) (concluding that Title VII preempted Plaintiff's claims that coworkers violated her First, Fourth, and Fifth Amendment rights by "agreeing to testify as a witness in an administrative proceeding before the EEOC"). Plaintiff's attempts to recast employment-related personnel actions as violations of the Fifth Amendment, APA, and FTCA is unavailing. *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 130 (D.D.C. 2016) (when "the same set of facts support a Title VII claim and a non-Title VII claim against a federal employer, the Title VII claim preempts the non-Title VII claim"). Accordingly, to the extent that Plaintiff seeks redress for disciplinary or other personnel actions under the Fifth Amendment, APA, and FTCA, these claims must be dismissed under Rule 12(b)(1).

Even if Plaintiff's claims were not understood to allege Title VII discrimination or retaliation claims, they would still be preempted under the CSRA. The Supreme Court has

repeatedly held that the CSRA is the exclusive review scheme for federal employees' claims regarding personnel actions outside the discrimination context. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 11 (2012); *Sculimbrene v. Reno*, 158 F. Supp. 2d 1, 5 (D.D.C. 2001) ("The CSRA governs the relationship between the federal government and its employees, providing a comprehensive system for reviewing personnel action taken against federal employees.  As a result, the CSRA generally precludes district courts from taking jurisdiction over CSRA-related claims.") (internal citations and quotation marks omitted). As the D.C. Circuit has held, "the CSRA is the exclusive remedy for aggrieved federal employees advancing non-constitutional claims," as well as constitutional ones. *Spagnola v. Mathis*, 809 F.2d 16, 30 (D.C. Cir. 1986), *on reh'g*, 859 F.2d 223 (D.C. Cir. 1988) (en banc). The CSRA covers a wide variety of personnel actions, including those that would not traditionally be considered adverse under Title VII. *See, e.g., Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990) (holding that a federally employed teacher's allegations that she was "harassed" by the principal and assistant principal "over minor incidents occurring in the classroom" were within the scope of the CSRA); *Dep't of Com. v. Fed. Lab. Rels. Auth.*, 976 F.2d 882, 890 (4th Cir. 1992) (explaining that a letter of proposed removal may be challenged under the CSRA); *Ghaly v. Dep't of Agric.*, 228 F. Supp. 2d 283, 291 (S.D.N.Y. 2005) (the "CSRA has a 'catch-all' prohibition on personnel practices that violate the CSRA's merit principles" and concluding that a claim challenging placement on paid administrative leave without adequate notice and an opportunity to be heard was covered by that provision even though paid administrative leave status itself is not an adverse action). To the extent that Plaintiff's claims are not understood to be alleging discriminatory or retaliatory practices in violation of Title VII but instead challenging personnel actions he claims are unlawful or procedurally flawed, such claims are preempted by the CSRA.

B.    **Plaintiff Has Failed to Exhaust Administrative Remedies under the Civil Service Reform Act.**

Further, in the context of federal employment cases, the D.C. Circuit has long recognized that "[w]hen [a plaintiff's] statutory and constitutional claims are 'premised on the same facts,' and the CSRA remedy 'would have been fully effective in remedying the constitutional violation,' exhaustion is mandated." *Steadman v. Governor*, 918 F.2d 963, 967 (D.C. Cir. 1990) (quoting *Andrade v. Lauer*, 729 F.2d 1475, 1493 (D.C. Cir. 1984)). "That is because the public interest in upholding the statutory scheme created by Congress for addressing personnel-related matters is so strong that federal employees 'may not circumvent that structure even if their claim is based . . . on the Constitution.'" *deLeon v. Wilkie*, Civ. A. No. 19-1250 (JEB), 2020 WL 210089, at \*4 (D.D.C. Jan. 14, 2020) (quoting *Steadman*, 918 F.2d at 967).

Here, invoking the FTCA, Plaintiff claims that Defendant's allegedly negligent hiring, training, and supervision of Office employees resulted in the alleged falsification and dissemination of his employment and medical records, and that the Office falsely charged him as absent without leave. *See* Am. Compl. at 64–93. In Counts 4, 13, 20, 30, Plaintiff alleges that by maintaining and disseminating purportedly "false" employment records, Defendant violated his free speech and privacy rights, and his liberty and property interests under the First, Fourth, and Fifth Amendments. Counts 5 and 14 claim that Defendant violated the APA allegedly by falsely accusing Plaintiff of misconduct in his employment at the Office and failing to maintain accurate employment records. *See id.* at 97–114. At base, each of the purported actions underpinning Plaintiff's claims are personnel actions subject to the remedial provisions of the CSRA. *See generally* 5 U.S.C. § 2302(a)(2).  Thus, these claims are preempted by CSRA and as such, Plaintiff must follow the administrative exhaustion requirements set forth in that Act.  *See deLeon*, 2020 WL 210089, at \*4. As this Court has warned, federal employees may not "circumvent" this process

under the guise of asserting other statutory or constitutional claims. *Id.* Simply put, because the Complaint fails to allege any facts to show that Plaintiff has exhausted administrative remedies for his employment-based claims, the Court should dismiss Plaintiff's FTCA, APA, and constitutional claims (Counts 1–9, 11, 13–14, 20, 22, 24–26, 30–31) under Rule 12(b)(1).

### C.    The United States Has Not Waived Sovereign Immunity for Monetary Damages Underpinning Plaintiff's First and Fifth Amendment Claims (Counts 4, 20, 30).

To the extent Plaintiff's constitutional claims seek money damages, they must also be dismissed under the principles of sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Sovereign immunity . . . bar[s] suits for money damages against officials in their official capacity absent a specific waiver by the government." *Clark v. Libr. of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Because "[s]overeign immunity is jurisdictional in nature," before addressing the merits of Plaintiff's claims, the Court "must first decide whether [Defendant's] immunity has been waived." *McKoy v. Spencer*, 271 F. Supp. 3d 25, 31 (D.D.C. 2017).

Here, Plaintiff seeks "damages for Defendant's violations of the First and Fifth Amendments if the Court declines to grant compensatory relief." Am. Compl. at 155. The United States has not waived sovereign immunity with respect to such claims seeking money damages, and the Court therefore lacks jurisdiction to adjudicate these claims. *McKoy*, 271 F. Supp. 3d at 33–34 (dismissing plaintiff's First and Fifth Amendment claims); *see also Jacksonville Urban League, Inc. v. Azar*, Civ. A. No. 18-2275, 2019 WL 3208686, at *3 (D.D.C. July 16, 2019) (dismissing plaintiff's Fourth Amendment claims); *Hazel v. Lappin*, 614 F. Supp. 2d 66, 69–70 (D.D.C. 2009) (dismissing prisoners' Eighth Amendment claims against Bureau of Prisons on

sovereign immunity grounds). Counts 4, 20, and 30 of the Second Amended Complaint should therefore be dismissed pursuant to Rule 12(b)(1).

D.    **The Court Lacks Jurisdiction Over Plaintiff's Challenge to the Office of Special Counsel Reauthorization Act (Counts 11, 15, 17, 18, 23, 32).**

The Second Amended Complaint claims that the Office's implementation of the Office of Special Counsel Reauthorization Act (the "Reauthorization Act"), and its application to Plaintiff's complaints about alleged misconduct at the Office, deprives him of the protections that would otherwise be available to him under the CSRA and the Whistleblower Protection Act. *See, e.g.*, Am. Compl. at 137–38. These claims all stem from Plaintiff's displeasure with the Reauthorization Act's requirement that the Office enter a memorandum of understanding with another agency's Office of Inspector General, enabling Office employees' complaints of prohibited personnel practices to be made directly to that Office of Inspector General. *Id.* at 12; 5 U.S.C. § 1212(i). Plaintiff lacks standing to pursue these claims.

Whether a plaintiff has standing to sue under Article III of the United States Constitution is a threshold question that must be addressed to ensure that a federal court has jurisdiction over the claims presented in a case. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378–79 (2024). A federal court's jurisdiction is "confined . . . to 'Cases' and 'Controversies,'" and a plaintiff must therefore "possess a personal stake [to] ensure that courts decide litigants' legal rights in specific cases.'" *Id.* at 379 (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State Inc.*, 454 U.S. 464, 487 (1982)). To establish standing, "a plaintiff must demonstrate: (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief. *Id.* at 380; *see also Defs. of Wildlife*, 504 U.S. at 560–61.

The CSRA "provides the exclusive set of remedies for claims brought pursuant to the [Whistleblower Protection Act]," *Harris v. Bodman*, 538 F. Supp. 2d 78, 82 (D.D.C. 2008), and "exhaustion of administrative remedies is a jurisdictional prerequisite to suit" under the statute. *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 11–12 (2012) ("Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court."). As the D.C. Circuit explained in *Stella v. Mineta*, 284 F.3d 135, 142-44 (D.C. Cir. 2002), Whistleblower Protection Act claims must proceed first to the Merit Systems Protection Board before any such claim can be brought in federal district court. "Under no circumstances does the [Whistleblower Protection Act] grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Id.* at 142. Here, Plaintiff does not allege that he has exhausted his administrative remedies with respect to his whistleblower claims. Plaintiff's failure to meet the "jurisdictional prerequisite" of exhaustion dooms his claim for lack of jurisdiction.

## II.    Each of Plaintiff's Claims Must Also Be Dismissed Pursuant to Rule 12(b)(6).

### A.    Plaintiff Fails to State a Claim Under the Privacy Act (Counts 1, 14, 28).

Plaintiff's Privacy Act claims fail as a matter of law. Plaintiff's Privacy Act claims purportedly involve employment records he claims were "falsified," resulting in alleged adverse personnel decisions against Plaintiff while he was employed at the Office and potential future consequences in connection with Plaintiff's employment prospects. *See, e.g.*, Am. Compl. at 48, 134, 147. Plaintiff's Privacy Act challenges amount to nothing more than a collateral attack on the Office's judgments reflected in Defendant's personnel records regarding Plaintiff's conduct, performance, leave, attendance, and discipline. As the D.C. Circuit held, "[t]he Privacy Act allows

for amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials or others as those judgments are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337–38 (D.C. Cir. 1992) (citation modified).

Moreover, to the extent Plaintiff alleges that in connection with his request for a reasonable accommodation, Office employees improperly "disseminated" information relating to his reasonable accommodation request, *see* Am. Compl. at 25–26, 51, 135, Plaintiff's own allegations and exhibits establish Plaintiff's failure to state a plausible claim for relief. Contrary to Plaintiff's allegations, none of the exhibits on which Plaintiff relies actually contains any of Plaintiff's confidential medical information. *See* Am. Compl. Exs. E and F. Moreover, the communications in these exhibits clearly are permissible, inter-agency disclosures among agency employees who had a "need to know." *See* 5 U.S.C. § 552a(b)(1); *see also Hanna v. Herman*, 121 F. Supp. 2d 113, 123–24 (D.D.C. 2000) (finding, as a matter of law, that agency official who received plaintiff's records had need to know given the official's status as a supervisor at the agency, even though the official was not plaintiff's direct supervisor); *Doe v. Dep't of Just.*, 660 F. Supp. 2d 31, 46–47 (D.D.C. 2009) (agency supervisory employee involved with investigation of plaintiff's claims did not impermissibly receive records relating to plaintiff's reasonable accommodation request under "need to know" exception).

Furthermore, to state a claim under the Privacy Act, Plaintiff must allege that the challenged violation had an "adverse affect," and allege "actual damages connected to the adverse effect to qualify under the act." *Doe*, 600 F. Supp. 3d at 49 (citing *Doe v. Chao*, 540 U.S. 614, 620–27 (2004); *see also* 5 U.S.C. § 552a(g)(1)(D). Here, Plaintiff fails to plead sufficient facts to state a plausible claim that he has suffered any adverse effects caused by the Office's alleged

failure to correct his employment records or the challenged disclosures. The Court should therefore find that Plaintiff has failed to allege facts sufficient to meet the required elements of the Privacy Act claim he purports to pursue.

For these reasons, the Court should dismiss Plaintiff's Privacy Act claims pursuant to Rule 12(b)(6).

### B.    Plaintiff's FTCA Claims Must Be Dismissed As Time-Barred and for Failure to Exhaust Administrative Remedies (Counts 2, 3, 14).

Even if not preempted, as previously discussed, Counts 2, 3, and 14 of the Second Amended Complaint, which purport to seek relief under the FTCA, must be dismissed as untimely. The FTCA unequivocally states that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months" of an agency's denial of the claim. 28 U.S.C. § 2401(b). Here, the Office denied Plaintiff's administrative FTCA claim on October 23, 2024. *See* ECF No. 33-1 at 47 (Oct. 23, 2024, denial letter provided to Plaintiff via certified mail). Plaintiff therefore had six months, until April 24, 2025, to initiate a civil action before the Court under the FTCA. Plaintiff did not initiate an FTCA claim before this Court prior to that deadline, and his claim is therefore time-barred. *See Brown v. FAA*, Civ. A. No. 23-2251, 2025 WL 958321, at *9 (D.D.C. Mar. 31, 2025); *United States v. Wong*, 575 U.S. 402, 411 (2015) (FTCA time limitations are non-jurisdictional). Plaintiff may contend that this six-month deadline should be equitably tolled, *see* Count 19, Am. Compl. at 141, because he obtained an extension of his time to amend his initial Complaint before this Court up to April 28, 2025. But this extension of time to amend his pleading does not obviate Plaintiff's clear, statutory obligation to initiate an FTCA claim within the six-month limitation period. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (plaintiff's failure to comply with "[the FTCA's] clear statutory command" mandates dismissal). The Court should dismiss Plaintiff's FTCA claims as time barred.

Furthermore, to the extent Plaintiff seeks relief under the FTCA based on events that occurred in July 2025, these purported tort claims have not been first presented to the agency in an administrative claim and must be dismissed for failure to exhaust administrative remedies. *See McNeil*, 508 U.S. at 113 ("The FTCA bars claims from bringing suit in federal court until after they have exhausted their administrative remedies."); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (exhaustion is required "before seeking judicial review so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision").

### C.  Plaintiff's First, Fourth, and Fifth Amendment Claims Are Meritless (Counts 4, 13, 20, 30).

Even if not preempted, as discussed above, the Court should nevertheless dismiss Plaintiff's First, Fourth, and Fifth Amendment claims for failure to state a plausible claim for relief.

#### 1.    First Amendment.

Plaintiff claims that Defendant violated Plaintiff's First Amendment rights after Plaintiff allegedly engaged in protected speech by reporting alleged misconduct by Office employees. *See, e.g.*, Am. Compl. at 94–97. A public employee asserting a First Amendment retaliation claim "must (1) show that his protected activity related to a matter of public concern; (2) show that his interest in engaging in protected activity outweighs the state's interest as an employer (3) show that his activity was a substantial or motivating factor in his discharge; and (4) rebut the [g]overnment's showing, if any, that it would not have reached the same decision absent the protected conduct." *Goode v. District of Columbia*, 531 F. Supp. 3d 366, 380 (D.D.C. 2021), *aff'd*, No. 21-7038, 2022 WL 1275370 (D.C. Cir. Apr. 29, 2022). "The first two elements are questions of law for the court to resolve." *Id.*

"Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147–48 (1983). "Speech is not of public concern when it 'deals with individual personnel disputes and grievances and . . . the information would be of no relevance to the public's evaluation of the performance of governmental agencies.'" *Lu v. District of Columbia*, Civ. A. No. 20-0461 (APM), 2022 WL 4446395, at *3 (D.D.C. Sept. 23, 2022) (quoting *LeFande v. District of Columbia*, 613 F.3d 1155, 1159 (D.C. Cir. 2010)). The Amended Complaint contains only threadbare allegations to support Plaintiff's assertion that he engaged in "protected activity" that "related to a matter of public concern." *Goode*, 531 F. Supp. 3d at 380. Plaintiff alleges that in November 2022, he "submitted reports of misconduct" to the Merit Systems Protection Board and to the Federal Bureau of Investigation regarding "improper recordkeeping, abuse of [the Office's] internal personnel authorities, and the use of retaliatory administrative actions unsupported by lawful procedures." *See* Am. Compl. at 94–95. Plaintiff does not identify what specific statements he included in these alleged reports, and as broadly described in the Second Amended Complaint, these reports appear to relate to Plaintiff's personal grievance with the Office regarding his employment. *See id.* The Second Amended Complaint therefore falls well short of identifying what speech Plaintiff claims was "of public concern," rendering these allegations insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79.

### 2.    Fourth Amendment

Plaintiff's Fourth Amendment privacy claim (Count 13) is also meritless. Plaintiff alleges that by "disseminating" confidential medical information that he voluntarily provided regarding his reasonable accommodation request, the Office violated Plaintiff's privacy rights. But the Second Amended Complaint entirely fails to identify any unlawful search or seizure—a necessary

predicate for a Fourth Amendment claim to be cognizable. The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A search within the meaning of the Fourth Amendment occurs when the government trespasses on private property . . . or when it infringes on an individual's "reasonable expectation of privacy." *Azam v. D.C. Taxicab Comm'n*, 46 F. Supp. 3d 38, 50 (D.D.C. 2014) (citations omitted). "A 'seizure' occurs, with respect to property, 'when there is some meaningful interference with an individual's possessory interests in that property.'" *Barnes v. District of Columbia*, Civ. A. No. 16-1027 (ACR/RMM), 2023 WL 11835280 (D.D.C. Nov. 3, 2023). The Complaint is entirely devoid of any alleged Fourth Amendment "search" or "seizure," and Plaintiff's privacy claims based on the Fourth Amendment must therefore be dismissed.

3.    Fifth Amendment

Plaintiff's Fifth Amendment privacy claims (Count 13) must also fail. Plaintiff claims that he was "compelled" to disclose details about his employment and ongoing dispute with the Office in connection with a suitability determination for a position he voluntarily applied for. *See generally* Am. Compl. at 133. While Plaintiff may have been required to disclose details by his prospective employer regarding his medical condition "and the related records" in connection with his job application, this does not rise to the level of compelled self-incrimination against which the Fifth Amendment protects. *See Fisher v. United States*, 425 U.S. 391, 401 ("We cannot cut the Fifth Amendment completely lose from the moorings of its language, and make it serve as a general protector of privacy[.]"). Plaintiff's privacy-based Fifth Amendment claim must therefore be dismissed under Rule 12(b)(6).

- 15 -

Plaintiff's claims of violations of his Fifth Amendment due process rights (Counts 20, 30) must also fail. "To possess a constitutionally protected property interest, a plaintiff must have more than 'an abstract need and desire' for the property; the plaintiff must have a 'legitimate claim of entitlement to it.'" *Lamb v. Holder*, 82 F. Supp. 3d 416, 421 (D.D.C. 2015) (quoting *Humberson v. U.S. Att'y Off.*, 236 F. Supp. 2d 28, 30 (D.D.C. 2003). Plaintiff claims that the Office deprived Plaintiff of liberty and property interests by allegedly "fabricat[ing] and misus[ing]" Plaintiff's employment and medical records and by providing Plaintiff's employment records to a "federal background investigator" in connection with a job opening that Plaintiff voluntarily applied for. Am. Compl. at 141–42, 149–50. These allegations are not only conclusory but also, to the extent they are based on "threats" of criminal referrals or Plaintiff's future job prospects, fail to meet the *Twombly* pleading standard and are entirely speculative. Thus, such allegations must be dismissed.

Plaintiff's Equal Protection claim (Count 31) is also meritless. A plaintiff seeking relief for an equal protection violation must allege sufficient facts to show that he is a member of a protected class (e.g., race, gender, national origin) or that he was arbitrarily singled out for treatment different from other similarly situated individuals. *See Kelley*, 839 F. Supp. 2d at 122; *Lillemoe v. Dep't of Agric.*, 344 F. Supp. 3d 215, 228 (D.D.C. 2018) (defining elements of "class of one" equal protection claims). Plaintiff here does not base his equal protection challenge on any protected class, leaving him only the "class of one" avenue, which provides no purchase.

"There are 'two essential elements' to a successful 'class of one' equal protection claim: (1) disparate treatment of similarly situated parties (2) on no rational basis." *Lillemoe*, 344 F. Supp. 3d at 228 (quoting *3883 Conn. LLC v. District of Columbia*, 336 F.3d 1068, 1075 (D.C. Cir. 2003)). "The second element—that no rational basis exists to support the disparate treatment—requires the plaintiff to overcome a 'strong presumption of validity.'" *Id.* (quoting *Tate v. District of*

*Columbia*, 627 F.3d 904, 910 (D.C. Cir. 2010)). If the allegations of the complaint "suggest a rational basis for the government action," then the equal protection claim must be dismissed pursuant to Rule 12(b)(6). *Id.* at 229. Plaintiff's allegations fall woefully short of establishing a "class of one" equal protection claim. Here, Plaintiff entirely fails to allege how Defendant treated him differently from any similarly situated individuals (e.g., other Office employees). *See Kelley v. District of Columbia*, 839 F. Supp. 2d 115, 122 (D.D.C. 2012) (dismissing plaintiffs equal protection claim due to failure to allege membership in a protected class, "such as one based on race, national origin, or gender" or that they were "arbitrarily and intentionally" targeted for disparate treatment). The Court should therefore dismiss equal protection claim pursuant to Rule 12(b)(6).

### D.    Plaintiff's Federal Records Act Claims Fail (Count 16 and 27).

Plaintiff seeks relief under the Federal Records Act arising from the Office's alleged "falsification" and misuse of Plaintiff's employment records. *See* Am. Compl. at 138–39, 146. As is well-established, the Federal Records Act "does not contain an express or implied private right of action." *Jud. Watch, Inc. v. Kerry*, 844 F.3d 952, 954 (D.C. Cir. 2016). Nor can Plaintiff fall back on the APA to find a foothold for his Federal Records Act claims, *see Armstrong v. Bush*, 924 F.2d 282, 284 (D.C. Cir. 1991), because Plaintiff does not allege the type of private action recognized by the D.C. Circuit in which an agency head "becomes aware of any actual, impending, or threatened unlawful removal . . . or [ ] destruction of [agency] records," yet fails to notify the Archivist or takes no steps to prevent such "unlawful removal or destruction." *Jud. Watch*, 844 F.3d at 954. The Court should therefore dismiss Plaintiff's Federal Records Act claims pursuant to Rule 12(b)(6).

E.    **Plaintiff's Challenges to the Office of Special Counsel Reauthorization Act (Counts 11, 15, 17, 18, 23, 32) Should be Dismissed.**

The remainder of Plaintiff's Second Amended Complaint comprises Plaintiff's myriad challenges to the Reauthorization Act and are meritless. In brief, Plaintiff alleges that by implementing the whistleblower process outlined in 5 U.S.C. § 1212(i), the Office violates the Fifth Amendment's due process clause. *See, e.g.* Am. Compl. at 126–27 (alleging that USDA Inspector General reporting mechanism for Office employees deprives Plaintiff of notice, an impartial investigation, and an opportunity to be heard). "Where no fundamental liberty or property interest is at stake, the Fifth Amendment requires only a rational basis." *Sanchez v. Off. of State Superintendent of Educ.*, 513 F. Supp. 3d 101, 111–12 (D.D.C. 2021) (quoting *Am. Fed'n of Gov't Emps. v. United States*, 330 F.3d 513, 523 (D.C. Cir. 2003)).

Plaintiff's allegations regarding the Reauthorization Act run headlong into the plain language of the relevant statute, which clearly directs the Special Counsel to "enter into at least [one] agreement with the Inspector General of" another agency who "shall receive, review, and investigate allegations of prohibited personnel practices or wrongdoing filed by" Office employees. 5 U.S.C. § 1212)(i). The rational basis for this delegation of the Office's investigatory duties should be readily apparent: the Office is charged with, among other duties, investigating federal employees' whistleblower disclosures. *See* 5 U.S.C. § 1212(a). It follows, then, that Congress established a means to ensure that the Office is not placed in the untenable posture of having to "investigate itself," instead requiring the Office to engage an outside inspector general to review disclosures made by Office employees. Because "the rational basis inquiry is highly deferential to the government," *Hettinga v. United States*, 677 F.3d 471, 479 (D.C. Cir. 2012), and the rational basis for 5 U.S.C. § 1212(i)'s requirement is readily apparent, *see, e.g.*, *Sanchez*, 513 F. Supp. 3d at 112 ("inquiry is at an end" where rational basis for challenged regulations was clear

on their face), Plaintiff's Fifth Amendment due process challenges to the Reauthorization Act must therefore be dismissed pursuant to Rule 12(b)(6).

\*     \*     \*

## CONCLUSION

For these reasons, the Court should grant Defendant's motion to dismiss Plaintiff's Second Amended Complaint in its entirety pursuant to Rule 12(b)(1) and 12(b)(6).

Dated: September 5, 2025          Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division

By:          */s/ Tabitha Bartholomew*
TABITHA BARTHOLOMEW,
  D.C. Bar # 1044448
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2529
Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN STRONG,

                    Plaintiff,

         v.                                          Civil Action No. 24-2766 (TJK)

JAMIESON GREER,
Acting United States Special Counsel,

                    Defendant.

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss Plaintiff's second amended

complaint, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that this case is DISMISSED.

SO ORDERED:

_____                    _____
Date                                TIMOTHY J. KELLY
                                    United States District Judge