UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATHAN STRONG,<br><br>  *Plaintiff*,<br>  v.<br><br>HAMPTON DELLINGER,<br>*U.S. Special Counsel*, et al,<br><br>  *Defendants*. | Civil Action No. 24-2766 (TJK) |

## **LEAVE TO AMEND LIMITED PORTIONS OF THE OPERATIVE COMPLAINT**

Plaintiff respectfully moves for leave to amend the operative complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) for the limited purpose of pleading additional, newly discovered facts concerning Defendants' knowledge of, and continued reliance on, a disputed time-and-attendance record already at issue in this case. Plaintiff previously sought leave under Rule 15(d) to supplement the complaint based on documentary evidence obtained after the filing of the operative pleading. The Court denied that motion on the ground that Rule 15(d) applies only to events occurring after the filing of the complaint. Plaintiff accepts that ruling and now proceeds under Rule 15(a)(2), which governs amendments to plead newly discovered facts relating to pre-existing conduct. Defendant opposes this motion.

### I. Legal Standard

Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. Leave may be denied only for undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### II. The Proposed Amendment Is Narrow and Non-Prejudicial

1

The proposed amendment is limited to factual and evidentiary allegations concerning who altered Plaintiff's timesheet, when the alteration occurred, that it occurred after the pay period closed, that it occurred when Plaintiff could not have disputed it, that the Agency has known of the record modification since 2022, that Defendants' knowledge of Plaintiff's use of sick leave at the time of the alteration, and Defendants' continued maintenance and reliance on the altered record. These facts supply specificity to conduct already alleged and bear directly on issues the government has placed in dispute, including scienter under the Privacy Act, arbitrariness under the APA, negligence under the FTCA, and due-process deprivation. The factual amendments are at Exhibit A and the ritself is at Exhibit B.

The disputed timesheet record and its details is central to the allegations in this case, and Defendants have had access to it since the filing of the action. Because Defendants have litigated the legality of the timesheet alteration from the outset, the amendment creates no unfair surprise or prejudice.

## III. Diligence

Plaintiff could not have pleaded these facts earlier because Plaintiff did not possess the altered timesheet and had no access to it. The identity and motives of the individuals who made the alterations and the involvement of agency counsel were not disclosed by the agency and were not otherwise knowable. Plaintiff moved promptly after obtaining the document and, while the prior Rule 15(d) motion was pending, awaited the Court's ruling before proceeding under this procedural vehicle.

## IV. Judicial Efficiency

Granting leave to amend at this stage would promote judicial efficiency regardless of how the pending motion to dismiss is resolved. If the Court denies the motion to dismiss, the proposed amendment will ensure that the operative complaint already reflects the relevant

factual allegations concerning Defendants' knowledge and continued reliance on the disputed record, eliminating any need for further amendment on those issues. If the Court grants the motion to dismiss in whole or in part, Plaintiff will have preserved a complete and accurate pleading record for appellate review without requiring additional proceedings in this Court.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests leave to amend the operative complaint for the limited purpose described above.

        Respectfully submitted,

        /s/ Nathan Strong
        Nathan Strong
        240 S. Reynolds St, #102
        Alexandria, VA 22304
        Telephone: (202) 709-6123

        January 28, 2026

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN STRONG,<br><br>         *Plaintiff*,<br>   v.<br><br>HAMPTON DELLINGER,<br>*U.S. Special Counsel*, et al,<br><br>         *Defendants*. | Civil Action No. 24-2766 (TJK) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Leave to Amend the Operative Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2), and for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED**. It is further

**ORDERED** that the amended allegations and attached evidence attached to Plaintiff's motion shall be deemed filed as of the date of this Order.

SO ORDERED.

Date: _____                    _____

                                                                                United States District Judge

**Exhibit A: Factual Statement Regarding Newly Discovered Timesheet Record**

1. At all times relevant, Plaintiff was an Information Technology Specialist at the U.S. Office of Special Counsel ("OSC"), supervised by Smita Patel, then Chief Information Officer. On June 2, 2022, Plaintiff submitted a formal harassment complaint against Patel pursuant to OSC Directive 52. Rather than initiating an investigation, Patel forwarded the complaint to OSC's Office of General Counsel ("OGC"), which immediately began coordinating with her on drafting a proposed removal.

2. On June 3, 2022—the same day Patel separated from OSC—Plaintiff's system access was suspended and he was barred from OSC premises in connection with the proposed removal. During this period, OGC transmitted the removal proposal through Plaintiff's personal Gmail account, communicating outside OSC systems. Plaintiff was not restored access to OSC systems until July 18, 2022, the first business day following execution of the July 15, 2022 settlement agreement.

3. On June 7, 2022, Plaintiff informed OSC attorney Susan Ullman that he had retained counsel in connection with the proposed removal.

4. On June 8, 2022, Plaintiff's official timesheet was retroactively altered by Pamela Taylor and Daniel Wallerstein at the direction of OSC's Office of General Counsel, which is led by Susan Ullman. The timesheet itself identifies the individuals who made the edits. Neither Taylor nor Wallerstein was within Plaintiff's supervisory chain, and no supervisor approved the changes. Plaintiff received no notice of the alterations, either before or after they were made.

5. These facts differ from Plaintiff's earlier understanding that the timesheet had been modified by Patel prior to her departure on June 3, 2022.

6. Under the U.S. Department of Agriculture's National Finance Center ("NFC") Time and Attendance Manual, transaction code 31 ("Holiday Worked") applies only when an employee performs duty on an officially recognized federal holiday, and transaction code 72 ("Absence Without Leave" or "AWOL") applies only when an absence is unapproved and unauthorized.

7. Plaintiff notified OSC that he would be absent due to illness or medical appointments and had sufficient accrued sick leave. Under 5 C.F.R. §§ 630.401–630.405 and governing OPM guidance, an agency may request medical documentation after an employee returns to duty but may not deny sick leave or classify the absence as AWOL when timely notice is provided and leave is available.

8. Despite these requirements, OSC replaced Plaintiff's sick-leave entries with transaction code 72 ("AWOL") for June 1, 2022, and transaction code 31 ("Holiday Worked") for June 3, 2022, even though June 3 was not a federal holiday and Plaintiff was on approved medical leave on both days. These substitutions were inconsistent with NFC definitions and converted valid sick leave into false records implying misconduct and unauthorized work activity.

9. Plaintiff submitted his timesheet on the morning of June 3, 2022, entering sick leave for both June 1 and June 3. The pay period closed that same day. On June 8, 2022—after the pay period had closed—OSC altered the entries without notice, explanation, or opportunity for Plaintiff to contest the changes. Because Plaintiff's system access had been suspended, he had no ability to review or discover the alterations. The altered record was transmitted to the National Finance Center shortly thereafter.

10. The AWOL designation was not included in the proposed removal. The removal notice did not reference "AWOL" or "absence without leave," and OSC issued no reprimand,

disciplinary notice, or other documentation associated with an AWOL charge. In ordinary federal practice, AWOL findings are accompanied by written notice and progressive discipline. Here, OSC took no such action and instead secretly altered the attendance record.

11. OSC proceeded with settlement negotiations without disclosing the June 8 alteration. Plaintiff had no knowledge that his timesheet had been modified. The government now asserts that the settlement agreement waived Plaintiff's ability to seek correction of that record.

12. The June 8 alteration occurred several days after Plaintiff's harassment complaint and within one day of Plaintiff notifying OSC that he had retained counsel. The alteration was directed by agency attorneys and executed by non-supervisory personnel outside Plaintiff's management chain, after the pay period closed and without lawful authority or procedural safeguards.

13. By directing entry of transaction code 72 for a period of sick leave and concealing the alteration, OSC violated 5 C.F.R. § 630.405, which limits approval and disapproval of sick leave to supervisors, and violated its statutory duty under the Privacy Act, 5 U.S.C. § 552a(e)(5), to maintain records with accuracy, relevance, timeliness, and completeness.

14. The alteration further constituted arbitrary and capricious agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, because it lacked lawful authority, was unsupported by procedure, and has remained unexplained for more than three years. The false entry converted medical leave into an accusation of misconduct and continues to function as an official declaration of wrongdoing.

15. OSC has never corrected the false AWOL or holiday-worked entries. The inaccurate record remains in OSC systems and was later accessed by federal background

investigators in 2025, requiring Plaintiff to disclose the AWOL designation and causing continuing professional and economic harm.

16. By concealing the alteration and later invoking the settlement agreement to bar correction, OSC deprived Plaintiff of any opportunity to challenge the falsified record. Plaintiff could not have knowingly waived a right to correct a record whose falsification had been concealed. The government's current waiver position depends on that concealment and underscores the impropriety of its conduct.

Respectfully submitted,

/s/ Nathan Strong
Nathan Strong
240 S. Reynolds St, #102
Alexandria, VA 22304
Telephone: (202) 709-6123

January 28, 2026

| Base Hours: 80.00 | | Overtime: 0.00 | | Annual Used: 0.00 |
|---|---|---|---|---|
| Total Hours: 80.00 | | Comp Earned: 0.00 | | Sick Used: 1.00 |
| NTE: | | Credit Earned: 0.00 | | Comp Used: 0.00 |
| 1039 Balance: | | | | Credit Used: 0.00 |
| OSC | | Time and Attendance Record | | |
| Employee Name: NATHAN STRONG | | SSN: XXX-XX-XXXX | | Pay Period and Year: 11 2022 |
| Admin Unit: 40 | | T&A Contact Point: 1100100131 | | Pay Period Date: 5/22/2022 - 6/4/2022 |
| Unit & Section: 10 - 5000 | | Tracking Number: 152415 | | Official: 1 |

**Established Work Week and Hours:**

Remarks: TC Code 66 – Other Leave: Agency Directed 5/27/2022 : TC 66 (Agency directed) 6/1/2022: TC 72 (Per guidance from OGC) 6/3/2022: Desc 31, TC 66 (Per proposed removal notice)

## Daily Hours

| Accounting | Trans Code | 5/22 Sun | 5/23 Mon | 5/24 Tue | 5/25 Wed | 5/26 Thu | 5/27 Fri | 5/28 Sat | Total | 5/29 Sun | 5/30 Mon | 5/31 Tue | 6/1 Wed | 6/2 Thu | 6/3 Fri | 6/4 Sat | Total | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20480 | 01 | | | | 8.00 | | | | 8.00 | | | | | | | | | 8.00 |
| 20480 | 17 01 | | 8.00 | 7.00 | | 8.00 | 6.00 | | 29.00 | | 8.00 | | 8.00 | | | | 16.00 | 45.00 |
| 20480 | 62 | | | 1.00 | | | | | 1.00 | | | | | | | | | 1.00 |
| 20480 | 66 | | | | | | 2.00 | | 2.00 | | | | | | | | | 2.00 |
| 20480 | 21 66 | | | | | | | | | | 8.00 | | | | | | 8.00 | 8.00 |
| 20480 | 31 66 | | | | | | | | | | | | | | 8.00 | | 8.00 | 8.00 |
| 20480 | 72 | | | | | | | | | | | | 8.00 | | | | 8.00 | 8.00 |
| Base | | | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | | 40.00 | | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | | 40.00 | 80.00 |
| ALL | | | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | | 40.00 | | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | | 40.00 | 80.00 |

## Clock Hours

| Pay Plan: GS | From | 0730 | 0730 | 0730 | 0730 | 0730 | | | 0730 | 0730 | 0730 | 0730 | 0730 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wk Sch: M | To | 1530 | 1430 | 1530 | 1530 | 1330 | | | 1530 | 1530 | 1530 | 1530 | 1530 | | |
| Tour: FullTime | From | | 1430 | | | 1330 | | | | | | | | | |
| Hours: 80.00 | To | | 1530 | | | 1530 | | | | | | | | | |
| A/L Cat: 6 | From | | | | | | | | | | | | | | |
| SYD: | To | | | | | | | | | | | | | | |
| NTE: | From | | | | | | | | | | | | | | |
| Appt Lmt: | To | | | | | | | | | | | | | | |
| Mil Lv Lmt: 0 | From | | | | | | | | | | | | | | |
| RSEL: | To | | | | | | | | | | | | | | |
| Oath: Y | From | | | | | | | | | | | | | | |
| Final/FLSA: N/0 | To | | | | | | | | | | | | | | |

## Leave

| | Brght Fwd | Accrued | Available | Used | Balance | | Brght Fwd | Accrued | Available | Used | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Annual | 130.00 | 6.00 | 136.00 | | 136.00 | Mil Regular | | | | | |
| Sick | 57.00 | 4.00 | 61.00 | 1.00 | 60.00 | Mil Emergency | | | | | |
| Comp | | | | | | Home | | | | | |
| Comp Trl | | | | | | Furlough | | | | | |
| Credit | | | | | | Appt Limit | | | | | |
| LWOP | | | | | | C/O Annual | | | | | |
| AWOL | | | 8.00 | 8.00 | | C/O Sick | | | | | |
| Suspended | | | | | | Days in Pay Status | | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Restored | | | | | | Other | | | | |
| Religious Comp | | | | | | | | | | |

### Other

| Quarters: | | Split T&A: N | | Status Start: | | Status End: | | COLA: N | |
|---|---|---|---|---|---|---|---|---|---|
| Remote Site Allowance: | | AUO Percent: | | AUO Week 1: | | AUO Week 2: | | Foreign: N | |

| Commissary Account | Commissary Amount | Imprest Account | Imprest Amount | Travel Account | Travel Amount |
|---|---|---|---|---|---|
| | | | | | |

Note: The penalty for an employee found guilty of falsification of a payroll document for personal gain is removal (DPM 751, Appendix A). If convicted in a court of law, the individual is subject to a fine of not more than $10,000 or imprisonment of not more than 6 years, or both.

I CERTIFY THAT THE ABOVE INFORMATION ON HOURS WORKED AND LEAVE USED IS TRUE AND ACCURATE.

| Employee's Signature | Date | Supervisor's Signature | Date | PRIVACY ACT NOTICE: |
|---|---|---|---|---|
| | | | | Section 6311 of Title 5 USC authorizes collection of this information. It is used to record and approve your time and attendance and determine your pay. Use of a SSN is authorized by EO 9397. Failure to provide the required information may result in delayed payment. |

| | |
|---|---|
| **Electronically submitted by NATHAN STRONG 6/3/2022 8:02:41 AM (Central Time)** | |
| **Electronically submitted by PAMELA TAYLOR 6/8/2022 12:32:49 PM (Central Time)** | |
| **Electronically approved by DANIEL WALLERSTEIN 6/8/2022 1:23:23 PM (Central Time)** | |
| **Process on 6/8/2022 4:00:12 PM (Central Time)** | |